# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE D. WADDELL,<br><br>Plaintiff,<br><br>v.<br><br>CONRAD V. MEYER, Acting Director, Army Board for Correction of Military Records,<br><br>Defendant. | Case No. 1:19-cv-00789-LJO-SKO<br><br>**ORDER RE STATUS OF SERVICE**<br><br>(Docs. 14, 15, 16) |

## I. BACKGROUND

Plaintiff filed this case on June 6, 2019 under 10 U.S.C. § 1552, requesting that the Secretary of the Army correct Plaintiff's military records. (Doc. 2.) Plaintiff alleges he is entitled to an award of the Army Air Medal and requests that Defendant issue him the award. (*See id.* at 4–5.)

The case was set for a scheduling conference on December 12, 2019. (Doc. 7.) Defendant has not yet appeared in the case. (*See* Docket.) On October 25, 2019, Plaintiff filed proof of service on Defendant. (Doc. 12.) The proof of service indicated that on September 26, 2019, service was attempted on Defendant at 1901 South Bell Street, 2nd Floor, Arlington, Virginia, but was

unsuccessful. (Doc. 12.) There was also no indication that the United States Attorney's Office for the Eastern District of California or the Attorney General of the United States were served. *See* Fed. R. Civ. P. 4(i). Thus, the Court continued the scheduling conference and directed Plaintiff to re-serve Defendant in accordance with Rule 4. (Doc. 13.)

Plaintiff filed proofs of service on December 12, 2019, and December 19, 2019, and filed a status report on December 19, 2019. (Docs. 14, 15, 16.) The proof of service filed on December 12, 2019, states that Plaintiff himself mailed the summons and complaint to the United States Attorney's Office at 2500 Tulare Street, Suite 4401, Fresno, California. (Doc. 14.) The return of service is signed by Plaintiff. (*Id.*) The proof of service filed on December 19, 2019, consists of three copies of the same proof of service stating that Plaintiff himself mailed, by certified mail, the summons and complaint to Defendant at 1901 South Bell Street, 2nd Floor, Arlington, Virginia. (Doc. 16.) The proof of service is again signed by Plaintiff. (*Id.*)

The status report states that Plaintiff has had difficulty locating Defendant because the final denial letter he received at the agency level did not list an address for Defendant or tell Plaintiff in which court he should file his lawsuit. (Doc. 15 at 2.) The status report also includes certified mail receipts addressed to Defendant at 1901 South Bell Street, 2nd Floor, Arlington, Virginia, "Office of the Clerk" at 2500 Tulare Street, Fresno, California, and the United States Attorney's Office at 2500 Tulare Street, Fresno, California. (*Id.* at 5–6.)

## II. DISCUSSION

Plaintiff did not properly effect service for two reasons: (1) Plaintiff did not effect service on the Attorney General of the United States, and (2) *Plaintiff* personally served Defendant and the United States Attorney's Office and mailed the summons and complaint to them, as opposed to serving them through someone else, such as a legal process server, as required by Rule 4. Thus, the Court will provide Plaintiff with further explanation of the requirements of the Rule and direct Plaintiff to effect service in accordance with Rule 4.

Under Rule 4 of the Federal Rules of Civil Procedure, when the defendant is an agency, corporation, officer or employee of the United States sued in an official capacity, as in this case, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Regarding service on the United States, Rule 4 provides:

> To serve the United states, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Thus, to properly effect service on Defendant in this case, Plaintiff must send "a copy of the summons and of the complaint by registered or certified mail" to Defendant as set forth in Rule 4(i)(2), and must also effect service of the summons and of the complaint on the United States by serving the United States Attorney's Office for the Eastern District of California and the Attorney General of the United States as set forth in Rule 4(i)(1).

Regarding service of process generally, Rule 4 states, in relevant part:

> (1) *In General*. A summons must be served with a copy of the complaint. The Plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) *By Whom*. Any person who is at least 18 years old and not a party may serve a summons and complaint.

Fed. R. Civ. P. 4(c). Thus, although Plaintiff is "responsible for having the summons and complaint served," the summons and complaint must be actually served by someone who is "not a party." *See* Fed. R. Civ. P. 4(c).[1]

Accordingly, because Plaintiff failed to serve the Attorney General of the United States, and because Plaintiff served the summons and complaint *himself*—as opposed to serving the summons and complaint through someone else, such as a legal process server—service of process was not proper.

### III.   CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Plaintiff shall effect service on Defendant in accordance with the requirements of Rule 4 and file proof of service by no later than February 3, 2020.

IT IS SO ORDERED.

Dated: __**January 2, 2020**__          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Court advises Plaintiff that although he is proceeding pro se, "he is obligated to familiarize himself with the Federal Rules of Civil Procedure and Eastern District of California Local Rules." *See U.S. v. Molen*, No. 2:10-cv-02591 MCE KJN PS, 2012 WL 5940383, at *1 (E.D. Cal. Nov. 27, 2012). Local Rule 183 provides that failure to comply with the Federal Rules of Civil Procedure or the Local Rules may result in dismissal, judgment by default, or other appropriate sanction. E.D. Cal. L.R. 183(a).