UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE D. WADDELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CONRAD V. MEYER, Acting Director, Army Board for Correction of Military Records,<br><br>    Defendant. | No. 1:19-cv-00789-NONE-SKO<br><br>ORDER GRANTING UNITED STATES' UNOPPOSED MOTION TO DISMISS<br><br>(Doc. No. 24) |

      Plaintiff Wayne D. Waddell filed this action on June 6, 2019. (Doc. No. 1.) In it, he seeks review of two denials of an indeterminate nature, both issued by the Department of the Army's Board for Correction of Military Records ("ABCMR"). (*Id*. at 5, 27-30.) While the exact nature of the denials is unclear from plaintiff's complaint, and defendant posits they are denials of requests for reconsideration (Doc. No. 24-1 at 2), it is clear that the denials relate to an Air Medal plaintiff contends he earned during his military service but which was never awarded. (Doc. No. 1 at 5, 27-30.)

      On March 16, 2020, defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) as both time-barred and for failing to state a claim upon which relief may be granted. (Doc. No. 24-1 at 1-2.) Defendant argues that under 28 U.S.C. § 2401(a),

plaintiff was required to bring his action within six years of the accrual of his claim. (*Id.*) Because the decisions plaintiff seeks to challenge were rendered by ABCMR in 2010 and 2011, plaintiff's action is untimely. (*Id.* at 2-3.) Defendant further contends that plaintiff failed to plead that ABCMR's decisions were arbitrary and capricious, as well as explain what, precisely, made the decisions arbitrary and capricious. (Doc. No. 24-1 at 3.) Defendant requests that the court dismiss plaintiff's action on those grounds. (*Id.*)

Plaintiff failed to respond to defendant's motion to dismiss. On April 29, 2020, defendant filed a reply requesting that plaintiff's failure to respond be construed as a non-opposition to its motion. (Doc. No. 28.) Under Local Rule 230(c), "[a] failure to file a timely opposition may also be construed by the Court as a non-opposition . . . ."

Accordingly, the court will dismiss the complaint based on plaintiff's lack of response to the pending motion, which the court construes as a non-opposition to the granting of that motion. *See Way v. JPMorgan Chase Bank, N.A.*, No. 2:16-cv-02244-TLN-KJN, 2019 WL 1405599, *1 (E.D. Cal. Mar. 28, 2019) (granting unopposed motions to dismiss where plaintiff filed statement of non-opposition). The court notes, however, that plaintiff is proceeding *pro se*, meaning his complaint must be construed liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Plaintiff's self-styled "affidavit," which appears to be a continuation of his complaint, provides some suggestion of grounds for contesting defendant's position—albeit unclearly. (Doc. No. 1 at 27-30.) Therefore, this dismissal is without prejudice.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss (Doc. No. 24) is GRANTED and the claims against the United States are DISMISSED WITHOUT PREJUDICE.

Because the motion to dismiss has been granted, plaintiff's motion to reschedule (Doc. No. 20) and motion for continuance (Doc. No. 23) are DENIED as having been rendered moot.

IT IS SO ORDERED.

Dated:  **May 1, 2020**                     /s/ Dale A. Drozd
                                            UNITED STATES DISTRICT JUDGE