UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE D. WADDELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONRAD V. MEYER, Acting Director, Army Board for Correction of Military Records,<br><br>　　　　　Defendant. | No. 1:19-cv-00789-NONE-SKO<br><br><u>ORDER SETTING ASIDE DISMISSAL AND JUDGMENT AND PROVIDING DEFENDANT AN OPPORTUNITY TO REPLY TO MAY 6, 2020 FILING</u><br><br>(Doc. No. 24)<br><br><br><u>FOURTEEN DAY DEADLINE</u> |

　　　　Plaintiff Wayne D. Waddell, who is proceeding *pro se*, filed this action on June 6, 2019. (Doc. No. 1.)  In it, he seeks review of two denials related to an Air Medal plaintiff contends he earned during his military service, but which was never awarded to him.  (Doc. No. 1 at 5, 27-30.)

　　　　On March 16, 2020, defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) as both time-barred and for failing to state a claim upon which relief may be granted.  (Doc. No. 24-1 at 1-2.)  Defendant argued that under 28 U.S.C. § 2401(a), plaintiff was required to bring his action within six years of the accrual of his claim and that because the decisions plaintiff seeks to challenge were rendered by the Army's Board for Correction of Military Records in 2010 and 2011, plaintiff's action is untimely.  (*Id.* at 2-3.)

1  Defendant also argued that plaintiff failed to plead facts to suggest that ABCMR's decisions were
2  arbitrary and capricious. (Doc. No. 24-1 at 3.)
3      Plaintiff failed to timely respond to defendant's motion to dismiss. On May 4, 2020, the
4  court granted the motion to dismiss as unopposed. (Doc. No. 29.) The dismissal was without
5  prejudice. (*Id*.) The case was closed shortly thereafter.
6      On May 6, 2020, the court received a document from plaintiff in which he requests that
7  the court not dismiss his complaint but instead wait for a further decision from the Army Review
8  Boards Agency. (Doc. No. 31.) This document and its attachments suggest that plaintiff has filed
9  an appeal with that Agency.
10     Although the May 6, 2020 document was received on the date that defendant's motion to
11 dismiss was set for hearing, which technically renders it untimely under Local Rule 230(c), the
12 court acknowledges that its instructions regarding opposition deadlines—both those in the various
13 standing orders applicable to all cases before the undersigned and in minute orders specific to this
14 case—may have confused plaintiff as to the relevant deadline here. Accordingly, giving this *pro*
15 *se* plaintiff the benefit of the doubt, the court will treat the May 6, 2020 filing as a timely
16 opposition the defendant's motion to dismiss. Having done so, the court sets aside its dismissal
17 order, which was based purely upon plaintiff's failure to respond. Defendant will be provided
18 fourteen days to reply to the assertions made in plaintiff's May 6, 2020 filing. If defendant has no
19 objection to staying this case until plaintiff receives a final determination from the Army Review
20 Boards Agency, it may so indicate without waiving any substantive right or argument as to the
21 merit of plaintiff's claim(s).
22 IT IS SO ORDERED.
23    Dated: **May 27, 2020**
24                    UNITED STATES DISTRICT JUDGE