# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE D. WADDELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONRAD V. MEYER, Acting Director, Army Board for Correction of Military Records,<br><br>　　　　　Defendant. | Case No.: 1:19-cv-0789 JLT SKO<br><br>ORDER GRANTING MOTION TO DIMISS WITH LEAVE TO AMEND<br><br>(Doc. 50) |

## I.   INTRODUCTION

Wayne Waddell initiated this action for judicial review of decisions made by the Department of the Army's Board for Correction and Military Regards ("ABCMR"), which denied his request for an Air Medal and refused his requests for reconsideration. (*See* Doc. 2 at 5; Doc. 23 at 4; Doc. 42-1.) Before the Court for decision is Defendant's motion to dismiss Plaintiff's first amended complaint. For the reasons set forth below, the motion is **GRANTED**, but Plaintiff will be afforded leave to amend his complaint.

## II.   PROCEDURAL HISTORY

The initial Complaint (Doc. 1) was served upon Defendant (Docs. 18, 19) in October 2019. Thereafter, Defendant moved to dismiss the action as time-barred and for failure to state a claim. (Doc. 24.) Defendant argued that pursuant to 28 U.S.C § 2401(a), Plaintiff was required to

bring a civil action within six years of the accrual of his claim, and because the decisions Plaintiff sought to challenge from the Board were issued in 2010 and 2011, the action was untimely. (*Id.* at 24-1 at 2-3.) In addition, Defendant asserted Plaintiff failed to state a claim because he did not allege the Board's decisions were arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, or allege facts supporting such a conclusion. (*Id.* at 3.) Plaintiff failed to file a response to the motion to dismiss, and the Court granted the motion "based on plaintiff's lack of response to the pending motion." (Doc. 29 at 2.) Noting Plaintiff was proceeding *pro se* and the complaint included "some suggestion of grounds for contesting defendant's position," the Court dismissed the complaint without prejudice on May 4, 2020. (*Id.* at 2.)

On May 6, 2020, the Court received a request from Plaintiff that the Court not dismiss his complaint, but instead wait for further decision by the relevant agency. (*See* Doc. 32 at 2.) The Court noted the attached exhibits indicated Plaintiff filed an appeal of the decisions with the agency. (Doc. 31.) Therefore, the Court set aside its dismissal order, noting it "was based purely upon [the] failure to respond." (Doc. 32 at 2.) In addition, the Court provided Defendant fourteen days to respond to the request made by Plaintiff and indicated agreeing to a stay may be done "without waiving any substantive right or argument to the merit of plaintiff's claim(s)." (*Id.*) After Defendant indicated there was no objection to a stay, the Court stayed the matter until Plaintiff received a final determination on his motion for reconsideration submitted to ABCMR. (Doc. 35.)

On January 10, 2021, Defendant filed a status report, indicating that ABCMR had denied Plaintiff's motion for reconsideration on November 30, 2021. (Doc. 42.) A copy of the written decision was also provided to the Court. (Doc. 42-1.) Thereafter, the Court lifted the stay and ordered Defendant to file a responsive pleading. (Doc. 44.)

On February 25, 2022, Defendant filed another motion to dismiss. (Doc. 46.) On March 23, 2022, Plaintiff filed his FAC (Doc. 48), which Defendant concedes mooted the February 25 motion to dismiss (*see* Doc. 50-1 at 2).

On March 30, 2022, Defendant filed its third motion to dismiss and set that motion for

hearing on May 12, 2022. (Doc. 50.) Thereafter, the Court issued a minute order explaining that the matter would be decided on the papers and that the deadlines for filing any opposition or reply would be governed by Local Rule 230. (Doc. 51.) On May 12, 2022, Plaintiff filed an untimely document entitled "Final Brief Amended Complaint Opposition to Motion to Dismiss." (Doc. 52.) Though this document was untimely, the Court has read and considered it in an abundance of caution.

### III. LEGAL STANDARDS

#### A. General Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency" of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them, and draw all reasonable inferences from them, in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the courts to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678* (2009) (citing *Twombly*, 550 U.S. at 556).

#### B. Federal Rule of Civil Procedure 8

"A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a)." *Saunders v. Saunders*, No. CV 1–05–0699–RCC, 2009 WL 382922, at *2 (E.D. Cal., Feb. 13, 2009). Thus, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life*, 651 F.2d 671, 674 (9th Cir. 1981). Though a federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Segal v. Segel*, No. 20-cv-1382, 2022 WL

198699, at *6 (S.D. Cal. Jan. 21, 2022). Though the federal pleading standard does not require detailed factual allegations, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. This pleading requirement is intended to "give the defendant "fair notice" of what the plaintiff's claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

C.     **The Administrative Procedure Act**

Judicial review of a decision of an administrative agency is governed by the APA, pursuant to which a court shall

> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
>> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>>
>> (B) contrary to constitutional right, power, privilege, or immunity;
>>
>> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or]
>>
>> (D) without observance of procedure required by law[.]

5 U.S.C. § 706. "A district court reviews an ABCMR decision to determine if it is arbitrary, capricious or unsupported by substantial evidence." *Burns v. Marsh*, 820 F.2d 1108, 1110 (9th Cir. 1987); *see also, e.g., Dibble v. Fenimore*, 545 F.3d 208, 216 (2d Cir. 2008) ("[R]ulings of a Board for the Correction of Military Records can be set aside only if they are arbitrary, capricious, or unsupported by substantial evidence.") (citations omitted). In determining whether an ABCMR decision was arbitrary or capricious, "a court may not assess the wisdom of an agency's choice; inquiry is limited instead to whether the Board has made a clear error of judgment." *Dibble*, 545 F.3d at 216 (citation and internal quotation marks omitted). "An agency decision is arbitrary and capricious 'if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so

1  implausible that it could not be ascribed to a difference in view or the product of agency
2  expertise.' " *Nw. Envt'l Defense Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 687 (9th Cir.
3  2007) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43
4  (1983)). "The deference that courts must show the agency's decision increases when . . . the
5  decision involves a military context." *Dibble*, 545 F.3d at 216. Decisions of a military correction
6  board are reviewed under an "unusually deferential application of the 'arbitrary and capricious'
7  standard" of the APA. *Musengo v. White*, 286 F.3d 535, 538 (D.C. Cir. 2002)). "All that is
8  required is that the Board's decision minimally contain a rational connection between the facts
9  found and the choice made." *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997).

## IV.   DISCUSSION

Defendant argues generally that the FAC fails to contain a "short and plain" statement of the case as is required by Federal Rule of Civil Procedure 8. (Doc. 50 at 4.) More specifically, Defendant argues that the Complaint "consists of a confusing and unnumbered narrative" that fails to explain "why the [ABCMR's] November 30, 2022 order denying [Plaintiff's] motion for reconsideration is arbitrary and capricious." (*Id.*)

The Court agrees with Defendant. The FAC, while not overly lengthy or complex, does not make plain exactly which aspects of the ABCMR's decision Plaintiff contends are unlawful and why. As set forth above, in light of the standards set forth in the APA, this Court must apply a deferential standard of review to any ABCMR decision. The Court can glean some understanding of Plaintiff's concerns about the ABCMR's reasoning from the FAC and other parts of the record. For example, the ABCMR decision concludes that there was "no evidence in the available records that provides an accounting of [Plaintiff's] flying time and missions" and as a result "it would be purely speculative to conclude that the applicant met the criteria for an Air Medal." (Doc. 42-1 at 8 (AR20200006433).) Yet, as the FAC points out, there appear to be declarations in the record that provide specific information indicating that Plaintiff accrued a significant number of flight hours. (Doc. 48 at 5 (FAC lines 95–105).) But there are many aspects of Plaintiff's apparent APA claim that remain confusing. He refers to missing records, but it is unclear how the absence of these records relates to any possible APA claim against the ABCMR.

(*Id*. at 3.) He further suggests that his immediate command failed to properly supervise him and committed "administration crimes" possibly in relation to his missing records. (*Id*.) Again, it is not clear how any such failures demonstrate why the ABCMR's decision was arbitrary and capricious. Accordingly, the Court will grant Defendants' motion to dismiss the FAC for failure to comply with Rule 8. However, the Court is unable to conclude at this time that amendment would be futile, so Plaintiff will be afforded **<u>one final opportunity</u>** to amend his complaint. Before doing so, Plaintiff should carefully consider the legal authorities the Court has provided above. Any amended complaint should attempt to plainly and directly explain the basis for Plaintiff's challenge to the ABCMR's decision.

## V.    CONCLUSION AND ORDER

For the reasons set forth above:

(1)    Defendant's motion to dismiss (Doc. 50) is **GRANTED.**

(2)    On or before November 2, 2022, Plaintiff may file an amended complaint that complies with the instructions herein. Plaintiff is warned that failure to timely file an amended complaint may result in summary dismissal of this case further notice.

IT IS SO ORDERED.

Dated:    **September 4, 2022**

UNITED STATES DISTRICT JUDGE